IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| **NURUL AFSAR and** | |
| Appellants, | |
| v. | Case No.: PWG-16-3024 |
| **RJRE INVESTMENTS, LLC,** | |
| Appellee. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Appellant-Debtor Nurul Afsar[1] appeals the bankruptcy court's Order that terminated an automatic stay against eviction proceedings on property formerly owned by Afsar and that imposed an equitable servitude on the property. The appeal is fully briefed. Appellant's Br., ECF No. 9; Appellee's Br., ECF No. 12; Appellant's Reply, ECF No. 13. No hearing is necessary. *See* Fed. R. Bankr. P. 8019(b). Because Afsar's bankruptcy case remains open; because the Order that is the subject of this Appeal is unrelated to another Order that Afsar previously appealed; and because the matter is moot, I will affirm the bankruptcy court's decision.

## Background

On March 23, 2016, Appellant-Debtor Nurul Afsar filed for Chapter 13 bankruptcy in the U.S. Bankruptcy Court for the District of Maryland without representation. Bankruptcy Court

---

[1] Nasrin Akter is named as an Appellant in the Notice of Appeal, ECF No. 1, but she is not a Debtor in the underlying bankruptcy case, Bankruptcy Court Docket, ECF No. 4-50. Accordingly, this Memorandum Opinion and Order will refer to Afsar as the only Appellant in the Appeal.

Docket No. 1, ECF No. 4-50. The bankruptcy court declined to confirm Afar's proposed Chapter 13 Plan after he failed to appear at a scheduled Confirmation Hearing. Order Denying Confirmation of Chapter 13 Plan Without Leave to Amend, ECF No. 4-18. Shortly thereafter, attorney Kos N. Johns entered an appearance on behalf of Afsar, Notice of Appearance, ECF No. 4-20, and filed a Motion to Reconsider the court's denial of confirmation. Mot. Reconsider, ECF No. 4-21. After reviewing the filings, the court denied Afsar's Motion on June 28, 2017. Order Denying Mot. Reconsider, ECF No. 4-6. Afsar appealed the decision, ECF No. 4-30, which I affirm in a separate Memorandum Opinion and Order issued today, *see Afsar v. Grigsby*, No. PWG-16-2552 (D. Md.).

On July 21, 2016, Appellee RJRE Investments, LLC ("RJRE") filed a Motion to Obtain Relief. RJRE Mot., ECF No. 4-34. RJRE sought to evict Afsar from property to which it obtained a deed in a 2014 foreclosure sale. *Id.* ¶¶ 2–3. By filing for Chapter 13 bankruptcy, Afsar obtained an automatic stay pursuant to 11 U.S.C. § 362 that prevented RJRE from evicting Afsar and his spouse from the property. *Id.* ¶ 9. RJRE requested a termination of the automatic stay and the imposition of an equitable servitude to prevent any further bankruptcy filings by Afsar or his spouse from resulting in further automatic stays. *Id.* Prayer for Relief ¶¶ 1–2. The bankruptcy court granted RJRE's Motion, Order Terminating Automatic Stay and Imposing an Equitable Servitude, ECF No. 4-42, which Afsar appealed to this Court, Notice of Appeal, ECF No. 1.

### Standard of Review

The district court reviews a bankruptcy court's findings of fact for clear error and conclusions of law *de novo*. *In re Dornier Aviation (N. Am.), Inc.*, 453 F.3d 225, 231 (4th Cir. 2006). "With respect to the bankruptcy court's application of the law to the facts, the district

2

court reviews for abuse of discretion." *In re Rood*, No. DKC-12-1623, 2013 WL 55650, at *2 (D. Md. Jan. 2, 2013).

## Discussion

### Appellate Jurisdiction

Afsar argues that the bankruptcy court lacked jurisdiction to terminate the automatic stay or to impose an equitable servitude because it had already dismissed the bankruptcy case and because the appeal of the court's Order denying Afsar's Motion for Reconsideration vitiated the court's jurisdiction. Appellant's Br. 2–3.

According to Afsar, the court dismissed the case when it denied his Motion to Reconsider. *Id.* at 2. But the Motion to Reconsider addressed the Court's Order denying confirmation of Afsar's proposed Chapter 13 plan, which did not dismiss the case. Order Denying Confirmation of Chapter 13 Plan Without Leave to Amend; Mot. Reconsider, ECF No. 4-21. The underlying bankruptcy case remains open. *See* Bankruptcy Court Docket. Of course, if Afsar were correct, and the bankruptcy case had been dismissed, then the automatic stay would have already been lifted, because an automatic stay terminates upon the closure or dismissal of the bankruptcy case. 11 U.S.C. § 362(c)(2); *see also Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692–93 (noting that "when confirmation is denied *and the case is dismissed as a result* . . . [d]ismissal lifts the automatic stay" but that denial without dismissal causes the automatic stay to "persist"). In other words, if Afsar's characterization of the bankruptcy court's rulings were correct, there would have been no need for RJRE's Motion for Relief and the resulting Order that he now challenges.

Afsar is also incorrect that his appeal of the bankruptcy court's order denying his Motion for Reconsideration prohibited the court from granting RJRE the relief at issue here. "[T]he

3

filing of a notice of appeal divests a bankruptcy court of its 'control over those aspects of the case involved in the appeal.'" *In re Howes*, No. ELH-16-840, 2016 WL 7188444, at *10 (D. Md. Dec. 12, 2016) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)). But "when a notice of appeal has been filed in a bankruptcy case, the bankruptcy court retains jurisdiction to address elements of the bankruptcy proceeding that are not the subject of the appeal." *Id.* (quoting *Transtexas Gas Corp.*, 303 F.3d 571, 580 n.2 (5th Cir. 2002)). Afsar's appeal concerned whether the bankruptcy court should have confirmed his Chapter 13 Plan. *See* Order Denying Confirmation of Chapter 13 Plan Without Leave to Amend; Mot. Reconsider; Order Denying Mot. Reconsider. RJRE's Motion for Relief dealt not with the substance of Afsar's bankruptcy case, but only with an automatic stay instated during the pendency of the bankruptcy case that affected collateral legal proceedings. *See* RJRE Mot. Afsar's appeal concerning the bankruptcy court's denial of confirmation did not strip the court of authority to grant RJRE relief from the automatic stay and from further attempts by Afsar to forestall eviction proceedings.

In any event, Afsar's appeal is now moot because RJRE is apparently now in physical possession of the property formerly owned by Afsar. Appellee's Br. 7. There would be little utility in reinstating a stay meant to prevent legal action that has already transpired.

Sanctions

RJRE also requests that I consider imposing sanctions in this case. Appellee's Br. 7. Fed. R. Bankr. P. 8020(a) authorizes the district court to award damages to the appellee in an appeal the court deems "frivolous" after providing the appellee with notice and an opportunity to respond. Given the lack of legal support for this appeal, I will order Afsar to show cause why sanctions would be inappropriate.

## ORDER

Accordingly, for the reasons stated in this Memorandum Opinion and Order, it is this 20th day of March, 2017, hereby ORDERED that:

1. The bankruptcy court's Order denying Appellant Nurul Afsar's Motion to Reconsider the court's Order Terminating Automatic Stay and Imposing an Equitable Servitude, ECF No. 4-42, IS AFFIRMED;

2. The Clerk SHALL CLOSE the case;

3. Within fourteen (14) days of this Order, Afsar SHALL SHOW CAUSE why sanctions would be inappropriate under Fed. R. Bankr. P. 8020(a).

                                                       Paul W. Grimm
                                                       United States District Judge

jlb