IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

NURUL AFSAR,

    Appellant,

v.                                       Case No.: PWG-16-2552

NANCY SPENCER GRIGSBY

    Appellee.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Appellant-Debtor Nurul Afsar appeals the bankruptcy court's denial of his Motion for Reconsideration of an Order denying conformation of his Chapter 13 Plan without leave to amend. The appeal is fully briefed. Appellant's Br., ECF No. 6; Appellee's Br., ECF No. 7. No hearing is necessary. *See* Fed. R. Bankr. P. 8019(b). Because Afsar failed to appear at the Confirmation Hearing and does not argue on appeal that the proposed Plan met the Bankruptcy Code's requirements, I will affirm the bankruptcy court's decision.

### Background

On March 23, 2016, Appellant-Debtor Nurul Afsar filed for Chapter 13 bankruptcy in the U.S. Bankruptcy Court for the District of Maryland without legal representation. Bankruptcy Docket No. 1, ECF No. 4-10. Appellee Nancy Spencer Grigsby was appointed Chapter 13 Trustee. *Id.* No. 4. The court also scheduled a § 341 Meeting of Creditors on May 12, 2016, and a § 1324 Confirmation Hearing on June 7, 2016. *Id.*; *see also* 11 U.S.C. §§ 341, 1324. Afsar appeared at the Meeting of Creditors, but the court cancelled the Meeting because he neglected to bring proof of his social security number, proof of income, or copies of his most

recent tax returns, the latter two of which are items the debtor must file pursuant to 11 U.S.C. § 521(a)(1)(B) and (e)(2)(A) prior to the Meeting of Creditors. Bankruptcy Docket May 16, 2016 Entry (unnumbered), No. 15. The following month, Afsar failed to appear at the Confirmation Hearing. *See* Proceeding Memo, ECF No. 4-1 (marking "NS" for no-show next to Afsar's name). Accordingly, the court denied confirmation of the Chapter 13 Plan, holding that it failed to "fulfill the requirements for confirmation set out in 11 U.S.C. § 1325" and that the "Debtor[] is . . . unable to file a Plan that is susceptible of confirmation." Order Denying Confirmation of Chapter 13 Plan Without Leave to Amend, ECF No. 4-2.

Shortly thereafter, attorney Kos N. Johns entered an appearance on behalf of Afsar, Notice of Appearance, ECF No. 4-3, and filed a Motion to Reconsider the court's denial of confirmation. Mot. Reconsider, ECF No. 4-4. The Motion urged reconsideration of the Order by reference to Afsar's failure to bring the necessary items to the Meeting of Creditors but failed to address Afsar's non-appearance at the Confirmation Hearing. *Id.* Grigsby filed an Opposition to Afsar's Motion, in which she argued that the court correctly denied the Plan because of Afsar's failure to appear and to make payments due under the plan and because, as a repeat bankruptcy filer, he should have been aware of the items that were necessary for the Meeting of Creditors. Trustee's Opp'n ¶¶ 1–4, ECF No. 4-5. After reviewing the filings, the court denied Afsar's Motion on June 28, 2017. Order Denying Motion to Reconsider, ECF No. 4-6. Two days later, Afsar filed a document styled as a responsive brief addressing the already-decided Motion to Reconsider, which notified the court that, pursuant to the rejected Plan, he had mailed a check to court the previous day. ECF No. 4-8. Afsar then filed a Notice of Appeal with this Court. ECF No. 3.

**Standard of Review**

The district court reviews a bankruptcy court's findings of fact for clear error and conclusions of law *de novo*. *In re Dornier Aviation (N. Am.), Inc.*, 453 F.3d 225, 231 (4th Cir. 2006). "With respect to the bankruptcy court's application of the law to the facts, the district court reviews for abuse of discretion." *In re Rood*, No. DKC-12-1623, 2013 WL 55650, at *2 (D. Md. Jan. 2, 2013).

**Discussion**

The bankruptcy court denied confirmation of Afsar's Chapter 13 Plan because it failed to meet the requirements of 11 U.S.C. § 1325. Order Denying Confirmation of Chapter 13 Plan Without Leave to Amend. The record contains no details about Afsar's proposed Plan, so I cannot evaluate its alleged deficiencies; however, the debtor bears the burden of demonstrating that a Plan meets the requirements of § 1325. *In re Lewis*, 170 B.R. 861, 865 (Bankr. Md. 1994) ("The debtor, as plan proponent, bears the ultimate burden to prove that all confirmation criteria are met."). Afsar failed to appear at his Confirmation Hearing, *see* Proceeding Memo, so it can scarcely be said that he carried his burden. Given Afsar's failure to appear at the Confirmation Hearing the bankruptcy court was justified in denying the Plan. In his Motion for Reconsideration, Afsar failed to even address the reasons that the court denied the Plan, instead focusing on court's prior failure to hold a Meeting of Creditors due to Afar's failure to bring required documents to the meeting. Mot. Reconsider. Moreover, on appeal, Afsar never argues that the proposed Plan did in fact meet § 1325's requirements, contrary to the bankruptcy court's conclusion. *See* Appellant's Br. 3–4. Thus, I cannot conclude that the court erred in denying the Motion to Reconsider.

## ORDER

Accordingly, for the reasons stated in this Memorandum Opinion and Order, it is this 20th day of March, 2017, hereby ORDERED that:

1. The bankruptcy court's Order denying Appellant Nurul Afsar's Motion to Reconsider the court's Order Denying Confirmation of Chapter 13 Plan Without Leave to Amend, ECF No. 4-6, IS AFFIRMED;

2. The Clerk SHALL CLOSE the case.

Paul W. Grimm
United States District Judge

jlb